The Honorable Olan W. Reeves, Chairman Arkansas Workers' Compensation Commission 324 Spring Street Post Office Box 950 Little Rock, AR 72203-0950
Dear Chairman Reeves:
I am writing in response to your request for an opinion concerning the Second Injury Trust Fund, which pays workers for wage loss for a second or subsequent injury. A.C.A. § 11-9-525. As background for your question, you report:
This fund as well as the Death and Permanent Disability Trust Fund have been in need of changes to ensure the soundness of the investments for continued payment of the claims. This session the legislature passed Act 1415 (HB 2674) and Act 1599 (HB 2648). Act 1415 provides that no new claims can be filed against the Second Injury Fund after January 1, 2008. Act 1599 provides that the employer must pay a higher amount of the permanent and total disability before the [Death and Permanent Total Disability Trust Fund] starts paying. The last time this was changed was in 1981 in Act 290.
Currently there are 129 people receiving funds for wage loss from the Second Injury Trust Fund, with 97 of those being permanently and totally disabled.
Against this background, you pose the following question:
My question is whether after January 1, 2008, those 97 permanently and totally disabled claimants' claims as well as any of the pending claims which are subsequently determined to be permanently and totally disabled can be transferred to the Death and Permanent Total Disability Trust Fund for continued payment or does this require legislative change? The Second Injury Fund will continue to exist to pay the current claims and any new claims adjudicated against the fund until all claims are paid.
RESPONSE
In my opinion, the permanently and totally disabled claimants' claims that you have identified — both the 97 currently being paid and any that are currently pending — cannot be transferred from the Second Injury Fund to the Death and Permanent Total Disability Trust Fund without legislative authorization. Current law in my opinion requires that these claims must be paid from the Second Injury Fund.
The controlling statute, A.C.A. § 11-9-525, currently provides in pertinent part:
(a)(1) The Second Injury Trust Fund established in this chapter is a special fund designed to ensure that an employer employing a handicapped worker will not, in the event that the worker suffers an injury on the job, be held liable for a greater disability or impairment than actually occurred while the worker was in his or her employment.
(2) The employee is to be fully protected in that the fund pays the worker the difference between the employer's liability and the balance of his or her disability or impairment which results from all disabilities or impairments combined.
(3) It is intended that latent conditions which are not known to the employee or employer not be considered previous disabilities or impairments which would give rise to a claim against the fund.
(b)(1) Commencing January 1, 1981, all cases of permanent disability or impairment where there has been previous disability or impairment shall be compensated as provided in this section.
* * *
(5) If the previous disability or impairment, whether from compensable injury or otherwise, and the last injury together result in permanent total disability, the employer at the time of the last injury shall be liable only for the actual anatomical impairment resulting from the last injury considered alone and of itself. However, if the compensation for which the employer at the time of the last injury is liable is less than the compensation provided in §§ 11-9-501 — 11-9-506 for permanent total disability, then, in addition to the compensation for which the employer is liable and after the completion of payment of compensation by the employer, the employee shall be paid the remainder of the compensation that would be due for permanent total disability under §§ 11-9-501
— 11-9-506 out of the fund.
(6) The Treasurer of State shall be the custodian of the fund, and any interest accruing shall be added thereto.
(7) The commission shall direct the distribution of the funds from the fund.
A.C.A. § 11-9-525 (Repl. 2002).
As you have noted, Act 1415 of 2007 amends this statute to provide that no new claims can be filed against the Second Injury Fund after January 1, 2008. Specifically, the act adds a new subsection that provides:
No claims under this section shall be made on or after January 1, 2008.
Acts 2007, No. 1415, § 1 (adding subsection (e) to A.C.A. §11-9-525).[1]
This amendment clearly only affects claims made after the stated January 1, 2008, date. Prior to that date, claims against the Second Injury Fund under A.C.A. § 11-9-525 are proper. It is clear, moreover, in response to your particular question, that the claims you have identified are to be paid from this fund. The references throughout the statute to "the fund," id. at (a)(2) and (3), and (b)(5) — (7), plainly signify the Second Injury Fund. Where recovery against this fund is awarded, the claim must be "compensated as provided in [A.C.A. §11-9-525]." Id. at (b)(1). According to subsection 11-9-525(b)(5), supra, the employee "shall be paid the remainder . . . due for permanent total disability . . . out of the fund." (Emphasis added). Thus, permanent total disability claims that are currently being paid from the Second Injury Fund, as well as pending claims against the fund which are subsequently determined to be permanently and totally disabled, must continue to be paid from the Second Injury Fund. To conclude otherwise would require legislative action, in my opinion.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] The act contains no emergency clause or specified effective date. Accordingly, it will become effective on July 31, 2007. See generally Op. Att'y Gen. 2007-164 (noting the July 31, 2007, effective date of acts passed during the Eighty-Sixth General Assembly that carry no emergency clause or specified effective date.)